Aidan W. Butler (SBN 208399)
Attorney at Law
5455 Wilshire Boulevard, Suite 1809
Los Angeles, California 90036
Telephone:  (323) 272-4472
Telecopier: (323) 272-4370
tocontactaidan@gmail.com

Attorneys for Plaintiff YOUSRA AL MADANI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSRA AL MADANI, an individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| MICHAEL GERARD FLANAGAN aka MIKE FLANAGAN, an individual; and DOES 1-10, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL.** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

3. The plaintiff, YOUSRA AL MADANI ("Plaintiff"), is a natural person.  At

all relevant times, she resided in the county of Santa Barbara, California.

4. Defendant MICHAEL GERARD FLANAGAN aka MIKE FLANAGAN (hereinafter "FLANAGAN") is, and at all times relevant herein was, an individual residing in Orange County, California.   At various times, but FLANAGAN was licensed to practice law in the state of California, as set forth in more detail below.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained.  Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants.  All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are all debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

### III. FACTUAL ALLEGATIONS.

8. In or around 2009, Plaintiff enrolled as a student with "Video Symphony Entertraining" ("VSE"), a private school purportedly providing vocational training relating to the entertainment industry.   VSE was founded by defendant FLANAGAN, who acted as VSE's president, director, lawyer, and sole shareholder.

9. On December 22, 2011, FLANAGAN – adopting the firm name "Debt Enforcement Law Group" – sued Plaintiff for an alleged unpaid debt on behalf of VSE.   The Complaint was signed by FLANAGAN, and was based upon a "promissory note" dated September 22, 2009, which bore Plaintiff's name as "buyer" but was not actually signed by Plaintiff.    The case was filed in the Los Angeles Superior Court, and assigned case number 11C08476 (later renumbered to 11CG8476).

10. After service was purportedly effectuated on Plaintiff, FLANAGAN signed and filed a request for entry of default in June, 2012, which was rejected, then signed another request for default on August 27, 2012.   On August 24, 2012, FLANAGAN signed declaration in support of default judgment, stating in part, "I am the attorney of record" for VSE.

11.  In fact, FLANAGAN's status with the State Bar of California became "inactive" on January 1, 2007, and was not changed back to "active" until September 4, 2012.   Thus at the time that he signed and filed the complaint against Plaintiff in 11C08476, FLANAGAN did not have an active bar membership.

12. People without active law licenses cannot practice law in California, and doing so constitutes a misdemeanor.  (Business and Professions Code §6126(a).)

13.  Moreover, "[t]he general American rule is that an unlicensed person cannot appear in court for another person, and that the resulting judgment is a nullity."  (Id. at 775.)   *Russell v. Dopp* (1995) 36 Cal.App.4th 765, 42 Cal.Rptr.2d 768, 773.

14. Given that case 11C08476 proceeded to judgment by default, no one noticed that FLANAGAN was not a properly licensed attorney when he filed the case.   The Los Angeles Superior Court unwittingly signed a default judgment against Plaintiff based upon the erroneous view that FLANAGAN was in fact properly licensed.

15. On July 11, 2019, FLANAGAN filed with the Superior Court of California

an application for renewal of the judgment against Plaintiff in 11C08476.  The form was filed on behalf of the judgment creditor and "applicant," VSE.  However, by that date, VSE had been suspended by the California Secretary of State.  Upon information and belief, VSE was suspended on or about September 29, 2017. Pursuant to Corporations Code section 2205, "the corporate powers, rights, and privileges" of VSE were suspended at the time FLANAGAN applied on VSE's behalf for a renewal of judgment.  California law is clear that a suspended corporation may not invoke the statutory mechanism for renewing a judgment which was obtained while it was in good standing.  See *Timberline, Inc. v. Jaisinghani* (1997) 54 Cal.App.4th 1361, 1367, 64 Cal.Rptr.2d 4.

16. Moreover, California law provides that anyone who purports to exercise the rights and powers of a suspended corporation is guilty of a misdemeanor. Revenue and Taxation Code section 19719.  In addition, a lawyer who knowingly represents a suspended corporation, concealing the suspension from the court, may be subject to sanctions.  See *Palm Valley Homeowners Association, Inc. v. Design MTC* (2000) 85 Cal.App.4th 553, 563, 102 Cal.Rptr.2d 354,357.

17. Thus under multiple principles of California law, the judgment against Plaintiff was invalid and unenforceable.

18.  Nevertheless, in the fall of 2023, FLANAGAN attempted to collect money from Plaintiff to apply towards the judgment.  For example, acting on FLANAGAN's instructions, an individual identifying himself as "Nate" phoned Plaintiff and her husband several times, repeatedly threatening to levy on their bank accounts and impose a judgment lien against real property owned by Plaintiff and/or her husband.   Believing that FLANAGAN could actually take the actions that he threatened to take in attempting to collect the invalid debt, Plaintiff suffered severe emotional distress as a result of FLANAGAN's misconduct.

///

## FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against FLANAGAN

and DOES 1 through 5, inclusive)

19. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 18 above.

20. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Threatening to take an action that cannot legally be taken, in violation of 15 U.S.C. §1692e(5);

c) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1); and

e) Failing to provide in either their initial or subsequent communications with Plaintiff those disclosures required by 15 U.S.C. §1692e(11)

21. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

///

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3);

4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff YOUSRA AL MADANI requests a trial by jury.

DATED: November 9, 2023                    Respectfully submitted,

                                By: _____
                                    Aidan W. Butler
                                    Attorney for Plaintiff
                                    YOUSRA AL MADANI